UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>  Plaintiff,  )<br>  )<br>V.  )<br>  )<br>JOHN DAVID PINKE,  )<br>  )<br>  Defendant.  ) | Criminal Action No.7: 09-001-DCR<br><br>**MEMORANDUM ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant John David Pinke has filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Setencing Guidelines. [Record No. 206] The motion will be denied for the reasons outlined below.

Effective November 1, 2024, the United States Sentencing Commission amended parts of Chapter Four of the United States Sentencing Guidelines to reduce the guidelines range for incarceration for individuals who commit their respective offense(s) while subject to a criminal justice sentence (including probation, parole, supervised release, imprisonment, work release, or escape status) and for defendant who are not assigned any criminal history points at the time of sentencing.

Regarding the first group of offenders affected by this amendment, U.S.S.G. § 4A1.1(e) now provides that, in calculating criminal history points, "[a]dd **1** point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence . . ." No status points are assessed for defendants with six or fewer points.

- 2 -

At the time of his sentencing hearing, Pinke had a total of 21 criminal history points, placing him in Criminal History Category VI. His Presentence Investigation Report indicates in paragraphs 58 and 59 that, of this total, two points were assessed because he committed the instant offense while under a criminal justice sentence imposed by the U.S. District Court in Minnesota (Case No. 00-CR-366). Further, an additional point was assessed, because the defendant committed the instant offense which in imprisonment status regarding the same Minnesota conviction. If two criminal history points are removed, Pinke would have a total of 19 criminal history points. However, his Criminal History Category would not change.

Criminal History Category VI includes those defendants with 13 or more criminal history points. And as provided in U.S.S.G. § 1B1.10 (a) (2), a reduction in a defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) if an amendment (including Amendment 821) does not have the effect of lowering the defendant's applicable guidelines range. In this case, Butler's guideline range is unaffected, and he is not entitled to relief under Amendment 821.

Accordingly, it is hereby **ORDERED** that Defendant Pinke's motion [Record No. 206] is **DENIED**.

Dated: May 15, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky