UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 7: 09-001-DCR |
| ) | |
| V. ) | |
| ) | |
| JOHN DAVID PINKE, ) | **MEMORANDUM ORDER** |
| ) | **AND OPINION** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant John David Pinke has filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(a). [Record No. 208] Having fully considered the matter, the motion will be denied for the reasons outlined below.

**I.**

A jury found Defendant John David Pinke guilty on August 19, 2009, of "Assault with the Intent to Commit Murder" in violation of 18 U.S.C. § 113(a)(1) and being in "Inmate in Possession of a Prohibited Object" in violation of 18 U.S.C. § 1791(a)(2). In short, Pinke and his co-conspirator approached a fellow inmate from behind and stabbed him in the back. [Record No. 117] The victim incurred wounds to his hand, upper lip, head, shoulders, and numerous areas of his upper back. The back wounds led to his lungs collapsing. [*Id.*] If not for the quick intervention of a nurse, it is likely the victim would have died. [*Id.*] At sentencing, Pinke faced a guideline range for incarceration of 360 months to life. [*Id.*] However, he was sentenced on December 2, 2009, by the Honorable Jeffrey S. Sutton, (now) Chief Judge for the United States Court of Appeals for the Sixth Circuit, to a term of incarceration of 228

months on Count I and 60 months on Count II, to run consecutively, for a total term of 288 months, followed by three years of supervised release. [Record Nos. 119 & 121]

Pinke filed for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(a) on April 28, 2024. [Record No. 208] In support, he asserts that extraordinary and compelling reasons justify his release. More specifically he argues that: (1) deteriorating medical conditions warrant his release; (2) he is serving an unusually long sentence; and (3) he is entitled to release under the "catch-all" provision of Amendment 814 to the policy statement outlined in § 1B1.13 of the United States Sentencing Guidelines ("U.S.S.G."). Pinke further argues that the factors set out in 18 U.S.C. § 3553(a) support a reduction of his sentence.

## II.

Generally, "[o]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013). However, compassionate release is an exception to the rule. *United States v. McCall*, 56 F.4th 1048, 1056 (6th Cir. 2022). Under 18 U.S.C. § 3582(c)(1)(A), the discretion to reduce a sentence belongs entirely to the district court, and district courts must "supply specific factual reasons for their compassionate release decisions." *United States v. Jones*, 980 F.3d 1098, 1101-02 (6th Cir. 2020). Before a defendant may properly petition a district court for compassionate release, he or she must first demonstrate exhaustion of administrative remedies within the BOP. 18 U.S.C. § 3582(c)(1)(A).

After ensuring exhaustion, the Court conduct a "three-step inquiry." *Jones*, 980 F.3d at 1101. First, the Court examines whether extraordinary and compelling reasons warrant a

sentence reduction. *McCall*, 56 F.4th at 1054. Next, the Court considers whether a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id.* Finally, the Court determines whether the proposed reduction is warranted when considering the relevant § 3553(a) factors. *Id.*

It is the moving party's burden to establish that he or she is entitled to a sentence reduction. *United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020). The Court will deny a motion for a sentence reduction "if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction." *United States v. McKinnie*, 24 F.4th 583, 586 (6th Cir. 2022).

**A.**

The United States Sentencing Commission's recent amendments to its compassionate release policy statement list six categories of extraordinary and compelling reasons that may support the reduction of a previously imposed sentence. U.S.S.G. § 1B1.13(b). Most relevant to the present case, § 1B1.13(b)(1) provides that certain medical condition(s) may qualify as "extraordinary and compelling" if the subject medical condition(s) "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." § 1B1.13(b)(1)(B).

Here, Pinke notes that he "has multiple serious medical conditions requiring long-term care that are not being provided for while in custody." [Record No. 208 at p. 3] He claims he *may* have some sort of cancer and/or kidney disease and that he *may* need a pacemaker inserted in the future. Additionally, he notes that he has been experiencing "constant chronic pain since contracting COVID-19 initially in 2021 and then again in 2022." [Record No. 208 at p. 4]

Pinke provides a series of medical records from his time in the Bureau of Prisons ("BOP") in support of these assertions.

The defendant's claim that these medical conditions are "extraordinary and compelling" such as to warrant a sentence reduction is striking by virtue of the volume of medical records he provided. Far from showing he *is not* receiving care while in custody, the records demonstrate that he *is* receiving substantial, regular, and appropriate care. Additionally, the records do not show that Pinke is suffering from the conditions of which he complains. Pinke has received extensive testing, and the records of such testing reflect that the BOP has been responsive to his medical needs based on the results of that testing.

Pinke also contends that he is serving an "unusually long sentence" that constitutes an extraordinary and compelling circumstance warranting compassionate release under U.S.S.G. § 1B1.13(b)(6). But this issue is foreclosed from further consideration. *See United States v. Bricker, United States v. McHenry, and United States v. Orta*, 2025 WL 1166016 (6th Cir., Apr. 22, 2025) (holding that the United States Sentencing Commission exceeded its statutory authority in promulgating U.S.S.G 1B1.13(b)(6) and as such, the guideline provision is invalid).

Finally, Pinke argues that he is compassionate release is appropriate under the catch-all provision of § 1B1.13(b)(5) because the "indeterminate solitary confinement" to which he has been subjected constitutes cruel and unusual punishment. [Record No. 208 at p. 11] But as the United States correctly notes, § 1B1.13(b)(5) is not meant to address constitutional claims  To challenge confinement under the Eighth Amendment, a request for relief should be brought as a claim for habeas relief under 28 U.S.C. § 2241 because such claim "challenge[s] the fact or extent of [the defendant's] confinement by seeking release from custody." *Wilson*

*v. Williams*, 961 F.3d 829, 837 (6th Cir. 2020). *United States v. Whitis*, 2023 WL 2947424, at *2 (E.D. Ky. Apr. 14, 2023).

**B.**

As Pinke has failed to show extraordinary and compelling circumstances, the Court does not need to weigh the § 3553(a) factors. However, even if Pinke had identified extraordinary and compelling reasons to support a reduce his sentence, a reduction would not warranted after consideration of the relevant factors of 18 U.S.C. § 3553(a).

Pinke's crimes are extremely serious. In addition to having an extensive criminal history, he attempted to murder another inmate in this case and was nearly successful. And contrary to claims that Pinke has not received an institutional write-up since his sentence began in 2013, records reflect otherwise. BOP records indicate that Pinke was written-up for disruptive conduct as recently as June 2024, in addition to several other write-ups, for which he was reprimanded. [Record No. 210-1]

Pinke also notes that he has taken steps to further his education and has made strides toward self-improvement. The Court commends Pinke for these efforts; however, rehabilitative efforts are a part of prison life and do not support a basis for reducing a prison sentence.

In summary, the Court remains satisfied that the sentence originally imposed in this matter is minimally sufficient to reflect the seriousness of Pinke's crimes, provide just punishment, afford adequate deterrence of future criminal conduct, and to protect the public from further crimes of the defendant.

## IV.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** that the defendant's motion for compassionate release [Record No. 208] is **DENIED**.

Dated: June 5, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky